# NO. 12-22-00221-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JOHN T. HARPOLE AND LENETTE A. KMIECIK,* **APPELLANTS** | § | *APPEAL FROM THE 354TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *RAINS COUNTY APPRAISAL DISTRICT,* **APPELLEE** | § | *RAINS COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

John T. Harpole and Lenette A. Kmiecik, acting pro se, filed a notice of appeal from a judgment of dismissal. Generally, a notice of appeal must be filed within thirty days after a judgment is signed, or within ninety days after the judgment is signed if any party timely filed a motion for new trial, motion to modify the judgment, motion to reinstate, or a request for findings of facts and conclusions of law when such are required or could be properly considered. TEX. R. APP. P. 26.1(a). The trial court's judgment is dated May 31, 2022. Appellants did not timely file a post judgment motion and their request for findings of fact and conclusions of law was untimely filed on July 12. Thus, the notice of appeal was due on or before June 30. Appellants filed a notice of appeal on August 5.

On August 9, this Court notified Appellants that the information received failed to show the jurisdiction of the Court, i.e., there was no notice of appeal filed within the time allowed by the rules of appellate procedure and no timely motion for an extension of time to file the notice of appeal.[1] *See* TEX. R. APP. P. 26.1, 26.3. We informed Appellants that the appeal would be

---

[1] Pro se litigants are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure; otherwise, pro se litigants would benefit from an unfair advantage over parties represented by

1

dismissed unless the information was amended on or before August 19 to show this Court's jurisdiction. In response, Appellants filed a motion for extension of time in which they maintain that notice of the judgment was not served until approximately July 5. Appellants' docketing statement reflects that they filed a motion pursuant to Texas Rule of Civil Procedure 306a.

Under Rule 306(a), if within twenty days after a judgment or other appealable order is signed, an adversely affected party or its attorney has neither received the notice required by Rule 306a(3) nor acquired actual knowledge of the order, then with respect to that party all the periods mentioned in Rule 306a(1) shall begin on the date that such party or his attorney received such notice or acquired actual knowledge of the signing, whichever occurred first, but in no event shall such periods begin more than ninety days after the original judgment or other appealable order was signed. TEX. R. CIV. P. 306a(4). To establish the application of Rule 306a(4), the party adversely affected is required to prove in the trial court, on sworn motion and notice, the date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed. TEX. R. CIV. P. 306a(5). Compliance with Rule 306a(5)'s requirements is jurisdictional. *Carney v. Holder*, No. 12-13-00024-CV, 2014 WL 3939915, at *2 (Tex. App.—Tyler Aug. 13, 2014, no pet.) (mem. op.).

Appellants have not provided any order from the trial court establishing the date Appellants received notice or acquired actual knowledge of the order. *See* TEX. R. APP. P. P. 4.2(c) (after hearing motion, trial court must sign written order finding date when party or party's attorney first received or acquired actual knowledge that judgment or order was signed). Therefore, Appellants have not shown the jurisdiction of this Court. *See Weir Bros. Contracting, LLC v. Velvin Oil Co., LLC*, No. 12-20-00030-CV, 2021 WL 1306702, at *2 (Tex. App.—Tyler Apr. 7, 2021, no pet.) (per curiam) (mem. op.) (dismissing appeal for want of jurisdiction where appellants failed to provide order establishing date they received notice or acquired actual knowledge of judgment); *see also Enriquez v. Livingston*, No. 12-15-00225-CV, 2016 WL 234984 (Tex. App.—Tyler Jan. 20, 2016, no pet.) (per curiam) (mem. op.) (same). Moreover, on September 2, Appellants filed a notice of voluntary withdrawal of notice of appeal, in which they acknowledge our lack of jurisdiction. Because this court is not authorized to

---

counsel. *Muhammed v. Plains Pipeline, L.P.*, No. 12-16-00189-CV, 2017 WL 2665180, at *2 n.3 (Tex. App.—Tyler June 21, 2017, no pet.) (mem. op.).

extend the time for perfecting an appeal except as provided by Texas Rules of Appellate Procedure 26.1 and 26.3, we grant Appellant's motion to withdraw and the appeal is ***dismissed for want of jurisdiction***. *See* TEX. R. APP. P. 42.3(a). All other pending motions are ***overruled as moot***.

Opinion delivered September 22, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 14, 2022**

**NO. 12-22-00221-CV**

**JOHN T. HARPOLE AND LENETTE A. KMIECIK,**
Appellants
V.
**RAINS COUNTY APPRAISAL DISTRICT,**
Appellee

Appeal from the 354th District Court
of Rains County, Texas (Tr.Ct.No. 11157)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*